UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON GORUP,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN RIGGIO, et al.,<br><br>    Defendants. | Case No. 16-cv-02419-HSG<br><br>**ORDER DENYING EX PARTE APPLICATION FOR ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 18 |

Presently before the Court is Plaintiff's *ex parte* request for a temporary restraining order and order to show cause for preliminary injunction.

## I.    LEGAL STANDARD

The standards for issuing a TRO and preliminary injunction are the same. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n. 2, (1977). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate (1) 'that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009). As a corollary to this test, the Ninth Circuit has also found a preliminary injunction appropriate if "serious questions going to the merits were raised and the balance of the hardships tips sharply in the plaintiff's favor," thereby allowing preservation of the status quo where complex legal questions require further inspection or deliberation. *Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1049 (9th Cir. 2010).

"These formulations are not different tests but represent two points on a sliding scale in

1  which the degree of irreparable harm increases as the probability of success on the merits
2  decreases." *Big Country Foods, Inc. v. Board of Educ. of the Anchorage Sch. Dist.*, 868 F.2d
3  1085, 1088 (9th Cir. 1989).  But "[u]nder either formulation, the moving party must demonstrate a
4  significant threat of irreparable injury, irrespective of the magnitude of the injury." *See id.*

**II.  DISCUSSION**

The Court DENIES Plaintiff's ex parte application for a temporary restraining order and preliminary injunction.  Plaintiff has failed to meet the requisite standards warranting such extraordinary relief.  Moreover, Plaintiff's application raises concerns better addressed to the state courts, which are available to issue orders relating to an individual's personal safety.  *See* Cal. Civ. Proc. Code. § 527.6 (governing restraining orders based on civil harassment, like the one sought by Plaintiff).

Accordingly, the Court DENIES Plaintiff's request for a TRO and an order to show cause why a preliminary injunction should not issue pending trial in this action.

**IT IS SO ORDERED.**

Dated: 5/23/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

2