UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON GORUP,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN RIGGIO, et al.,<br><br>    Defendants. | Case No.16-cv-02419-HSG<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 10, 12, 13 |

Before the court is Plaintiff Brandon Gorup's ("Plaintiff") motion to remand this action to the Superior Court of Sonoma County. Plaintiff contends that a remand is proper because his claims are rooted in state law and do not substantially depend on interpretation of a collective bargaining agreement ("CBA"). Having reviewed the parties' arguments, the Court finds the claims are not preempted, and GRANTS Plaintiff's motion to remand.

**I.    BACKGROUND**

Plaintiff filed this suit on April 5, 2016 in the Superior Court of Sonoma County against Defendants Lucky Stores, Inc.; Lucky Stores, Inc. (FL); John Riggio; United Food and Commercial Workers, Local 5 ("Union"); and Does 1-10. The complaint alleges seven causes of action: assault, battery, false imprisonment, negligence, gross negligence, injunctive relief, and intentional infliction of emotional distress. Only the negligence and gross negligence claims are alleged against the Union.

The Union removed the case to this Court on May 4, 2016, claiming federal question jurisdiction. Specifically, the Union contends that the negligence and gross negligence claims are preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, because they require substantial interpretation of the collective bargaining agreement ("CBA") governing Plaintiff's employment. Plaintiff then filed this motion for remand.

## II. LEGAL STANDARD

A defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441. A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). The removal statutes are construed to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). The Ninth Circuit recognizes a "strong presumption against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (internal quotation marks omitted), and doubts as to removability are resolved in favor of remanding the case to state court, *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). The defendant bears the burden of showing that removal is proper. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

## III. DISCUSSION

The Union argues that it properly removed this action because Plaintiff's claims are preempted by § 301 of the LMRA. That section supplies federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce[.]" 29 U.S.C. § 185(a). The Supreme Court has expanded the preemptive scope of § 301 to cases for which resolution "is substantially dependent upon analysis of the terms of [a CBA.]" *Allis-Chambers Corp. v. Lueck*, 471 U.S. 202, 220 (1985).

A state-law claim is preempted by § 301 if it is "either based upon a collective bargaining agreement or dependent upon an interpretation of the agreement." *Ramirez v. Fox Television Station*, 998 F.2d 743, 748 (9th Cir. 1993). When, as here, the complaint does not allege breach of a CBA, courts must conduct a two-part inquiry to determine whether § 301 preempts Plaintiff's claims:

> First, the court must ask 'whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA.' If the answer is no, then the claim is preempted by 301. If the answer is yes, then the court must ask whether the claim is 'substantially dependent on analysis of a collective-bargaining agreement.' If the answer is yes, then the claim is preempted by 301; if the answer is no, then 'the claim can proceed under state law.'

2

*Rodriguez v. Pac. Steel Casting Co.*, No. 12–cv–00353, 2012 WL 2000793 at *3 (N.D. Cal. June 1, 2012) (citations omitted) (citing *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007)).

The Court first finds that Plaintiff's claims rely on rights created by state law. *See Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994). The Ninth Circuit has held that when employees base their claims "on the protections afforded them by California state law, without any reference to expectations or duties created by the [CBA]," then the claim is not subject to preemption. *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1082 (9th Cir. 2005). Plaintiff made no mention of the CBA or violations of the CBA in his complaint. And the claims for negligence and gross negligence are based on the Union's alleged breach of duties (rooted in state law) to act reasonably when pressing Plaintiff's employer Lucky Stores to re-hire Plaintiff's manager, John Riggio, knowing that Riggio had a "propensity for abusive and violent workplace behavior." *See* Dkt. No. 1-2, ¶ 64. Defendant has failed to prove that Plaintiff's claims satisfy the first step of *Burnside*.

The Court next considers whether Plaintiff's claims are substantially dependent on interpretation of the CBA, and finds that they are not. *See Burnside*, 491 F.3d at 1059.

"The plaintiff's claim is the touchstone for this analysis; the need to interpret the [CBA] must inhere in the nature of the plaintiff's claim." *Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1203 (9th Cir. 2007) (internal quotation marks omitted). The claim must be so "inextricably intertwined with consideration of the terms of the labor contract" that the court would be required to interpret the CBA. *Allis*, 471 U.S. at 213. "[M]ere consultation of the CBA's terms, or a speculative reliance on the CBA will not suffice to preempt a state law claim." *Humble v. Boeing Co.*, 305 F.3d at 1008 (9th Cir. 2002). A "reference to or consideration of the terms of a collective bargaining agreement is not the equivalent of interpreting the meaning of the terms." *Ramirez*, 998 F.2d at 749. "Causes of action that only tangentially involv[e] a provision of a [CBA] are not preempted by section 301." *Id.* at 748 (internal quotation marks omitted). Thus, as the Ninth Circuit observes, "[t]he demarcation between preempted claims and those that survive § 301's reach is not . . . a line that lends itself to analytical precision." *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001), as amended (Aug. 27, 2001), 255 F.3d at 691.

1   "'Substantial dependence' on a CBA is an inexact concept, turning on the specific facts of each
2   case, and the distinction between 'looking to' a CBA and 'interpreting' it is not always clear or
3   amenable to a bright-line test." *Id.*

4   The issue in this case is whether the Union breached its duty of care to Plaintiff by pressing
5   Lucky to rehire Riggio, knowing Riggio had a history of abusive behavior in the workplace. The
6   Union argues that it will rely on the CBA provision providing that a discharge must be for "just
7   cause" to defend against Plaintiff's allegations and that therefore interpretation of the CBA is
8   required. The Court disagrees that any consultation of the CBA in this context reaches the
9   requisite "substantial dependence" threshold, especially given that Plaintiff relies on a state law
10  duty wholly independent of the CBA. *See Saenz v. Kaiser Permanente Int'l*, No. C 09-5562 PJH,
11  2010 WL 668038, at *4 (N.D. Cal. Feb. 19, 2010) (holding that the LMRA does not preempt
12  plaintiff's negligence claim, noting that just because a CBA will be consulted during litigation
13  does not require that the state claim be extinguished). Moreover, the Court further denies any
14  attempt to trigger § 301 preemption through reliance on an authorizing CBA provision as a
15  defense to Plaintiff's allegations. "This argument is unavailing after *Cramer*, which held that
16  reliance on CBA provisions to defend against an independent state law claim does not trigger §
17  301 preemption." *Humble*, 305 F.3d at 1011. Accordingly, because the claims and the CBA are
18  not "inexplicably intertwined," § 301 preemption does not apply and remand is appropriate.

19  Finally, the Court denies Plaintiff's request for attorneys' fees. When the court grants a
20  motion to remand for lack of subject matter jurisdiction, the "order remanding the case may
21  require payment of just costs and any actual expenses, including attorney fees, incurred as a result
22  of the removal." § 1447(c). "Absent unusual circumstances, courts may award attorney's fees
23  under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking
24  removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an
25  objectively reasonable basis exists, fees should be denied." *Id.*

26  The Court finds that Plaintiff has not established that the Union lacked an objectively
27  reasonable basis for seeking removal; accordingly, his request for fees and costs is denied.

28

## IV. CONCLUSION

For the foregoing reasons, the Court REMANDS this action to Sonoma County Superior Court. Dkt. No. 13. The pending motions to dismiss, Dkt. Nos. 10, 12, are denied as moot.

The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: 9/29/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge